**In the Matter of The Complaint of MIDWEST EQUIPMENT LEASING CORPORATION and R. Dron Electrical Company, Inc., for exoneration from or limitation of liability.**

**EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company and its member, related and affiliated companies, as subrogee of John F. Beasley Construction Company, a corporation, R. Dron Electrical Company, Inc., a corporation, and Massman Construction Company, Plaintiffs,**

v.

**MIDWEST EQUIPMENT LEASING CORPORATION, and Midwest Foundation Corporation of Illinois, Defendants.**

Nos. 82 C 5717, 84 C 1600.

United States District Court,
N.D. Illinois, E.D.

Dec. 30, 1988.

Warren J. Marwedel and Dennis Minichello, Tribler & Marwedel, P.C., Chicago, Ill., for Midwest Equipment Leasing Corp., et al.

Robert E. Gilmartin, John T. Groark, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, Ill., for Employers Ins. of Wausau.

Terence E. Flynn and Mark S. Dym, Gessler, Flynn, Laswell, Fleischmann, Huges & Socol, Chicago, Ill., for Massman Const. Co.

Robert S. Milnikel and John T. Evrard, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for Illinois Cent. Gulf R.R.

## MEMORANDUM OPINION

KOCORAS, District Judge:

Before the court are two motions arising from the same dispute. Midwest Foundation Corporation ("Foundation") filed a motion for Judgment on the Pleadings on its counterclaim in the subrogation action, 84 C 1600. Employers Insurance of Wausau ("Wausau") filed a motion for summary judgment on Foundation's counterclaim also in the subrogation action. Since these motions are inextricably related, the court will address both in a single opinion. For the following reasons, Foundation's motion for Judgment on the Pleadings is denied, and Wausau's motion for Summary Judgment is granted.

### FACTS

This consolidated action arose out of an occurrence on February 21, 1982 on the Illinois River at Pearl, Illinois. At that time, a disengaged barge caused the collapse of an Illinois Central Gulf Railroad ("ICG") bridge and damage to Pier 5 and Spans 5 and 6. At the time of the ICG bridge collapse, it was undergoing alterations converting it from a swing span to a lift span structure.

Massman Construction Company ("Massman") was the prime contractor of the ICG for the alteration work. Massman had subcontracted most of the actual work to various subcontractors, R. Dron Electrical ("Dron"), R.B. Evans ("Evans"), Foundation and Vincennes Steel ("Vincennes").

The subcontracts contained insurance requirements. Foundation's subcontract, signed December 4, 1979, states:

The contractor will furnish railroad protective and bridge builders risk insurance and cover the subcontractor under

these policies. Subcontractor will furnish all other insurance required for its operation.

Vincennes' subcontract with Massman was signed on November 26, 1979 and states:

> Subcontractor will furnish bond and bridge builders risk insurance on its work at no cost to the Contractor and will include Contractor ... under its bridge builder's risk policy. (Vincennes Subcontract, Rider No. 1).
>
> Insurance—The Contractor will furnish the railroad protective insurance as required by the specifications and will cover the subcontractor on this policy. Subcontractor will furnish all other insurance required for its' operations. (Vincennes Subcontract, Article CC17.)

Vincennes then subcontracted with John F. Beasley Construction Company ("Beasley"). The pertinent insurance provisions in Beasley's subcontract with Vincennes are set out as follows:

> Builder's risk insurance for superstructure metalwork until you have completed erection. Concrete deck is excluded. (BEASLEY Subcontract, Para. 10.)
>
> Insurance: You shall carry Workmen's Compensation, Public Liability, Property Damage ... with comprehensive coverage in the limits specified. You shall include the provision of Builder's Risk Insurance on your portion of the work. (BEASLEY Subcontract, Page 5 of 6.)

Pursuant to this subcontract, Beasley obtained Wausau Policy No. 1621 00084201 ("Beasley Policy") which was a broad form builders policy effective October 1, 1980 to October 1, 1981. This policy was renewed and was in effect at the time of the occurrence on February 21, 1982.

This case was originally brought by two subcontractors, R. Dron Electrical and Midwest Equipment for Exoneration from or Limitation of Liability. In 1984, Wausau filed a subrogation action to recover damages in negligence from Foundation. In June 1988, Foundation filed a counterclaim and additional Affirmative Defenses to the complaint of Wausau. In its counterclaim, Foundation alleges that since they were a subcontractor of Massman on the bridge project, the insurance policy issued to

> "JOHN F. BEASLEY CONSTRUCTION COMPANY AND ALL SUBCONTRACTORS AS THEIR INTERESTS MAY APPEAR"

should include Foundation, and therefore, Wausau cannot sue Foundation as subrogee of co-insureds under the policy. In its motion for summary judgment, Wausau alleges that Foundation is not an insured under the Beasley Policy, and therefore, has no standing to allege any claim under the policy. The court concurs with Wausau's position.

### DISCUSSION

The court's function in construing the Beasley policy, as with any contract, is to determine parties' intent from what they said. In doing so, the court must apply basic principles of contract law to the language employed. Before the court, therefore, is an issue involving the drafting and interpretation of the contract.

Central to the dispute at hand is whether the phrase "all subcontractors" used in the "insured" portion of the Beasley policy includes Foundation. Foundation's position is simple: 1) Foundation is a subcontractor, and 2) Foundation is a member in a class of "all" subcontractors. Foundation declares irrelevant the facts that it was not a subcontractor to Beasley and that its name appears nowhere in the policy. Simply put, Foundation asserts that Beasley and Wausau contracted to insure any number of companies that Beasley had no obligation to insure. This reading of the contract contravenes both logic and the parol evidence surrounding the formation of the contract.

The court finds that the language used in the contract is ambiguous. Specifically, who was intended to be covered under the umbrella term "subcontractor" is not clear. In this respect, parol evidence may be used to establish the intent of the parties. Affidavits, amount of the premium, and lack of reporting of liability for Foundation to Wausau, all support the conclusion that only Beasley's subcontractors

were intended to be and are covered under the policy. As a result, the court concludes that Foundation is not an insured under the Beasley Policy.

Foundation's second argument is that the ICG bridge itself is covered under the policy in one of two ways. Either the bridge is property enumerated in paragraph 2 as property "for which the Insured is legally liable," or the bridge is an insured since it is listed in the section headed "additional Insured(s)."

Foundation's first approach fails because the court has already concluded that Foundation is not an insured under the Beasley Policy. Therefore, the ICG bridge cannot be considered property for which an insured is legally liable.

 Secondly, Foundation's argument that the ICG bridge iself is insured since "Pearl Bridge (ICC RR Bridge)" is listed under "additional insured" is also an improper conclusion. Property insurance does not insure property but the interests of the insured named in the policy. *Goldstein v. Scott*, 108 Ill.App.3d 867, 872–873, 64 Ill.Dec. 374, 378, 439 N.E.2d 1039, 1043 (1982). The naming of an item of property in an insurance policy does not give rise to an interest in the policy to the property owner who is not otherwise covered. *Id.* If this were not the case, the ICG could itself claim that Wausau should pay ICG directly for its losses when ICG clearly had no relation to the policy. Therefore, the court concludes that the ICG bridge itself was not insured under the Beasley policy.

### CONCLUSION

For the reasons stated above, Foundation's motion for Judgment on the Pleadings is denied. The court finds that neither Foundation nor the ICG bridge itself are insureds under the Beasley Policy. Accordingly, Wausau's motion for Summary Judgment is granted.

It is so ordered.